1 | Douglas J. Rovens (State Bar # 106582)
  | *drovens@ssd.com*
2 | Jeffrey S. Renzi (State Bar # 221963)
  | *jrenzi@ssd.com*
3 | SQUIRE, SANDERS & DEMPSEY L.L.P.
  | 555 S. Flower St., 31st Floor
4 | Los Angeles, CA 90071
  | Telephone:    (213) 624-2500
5 | Facsimile:    (213) 623-4581

6 | Attorneys for Defendant and Counterclaimant
  | 4ACCESS COMMUNICATIONS COMPANY

FILED

08 MAR 20 PM 4: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**VIA FAX**

'08 CV 525    H LSP

| | |
|---|---|
| VAL POPESCU, an individual; | **Case No.** _____ |
| Plaintiff, | **DEFENDANT 4ACCESS COMMUNICATIONS COMPANY'S NOTICE OF REMOVAL** |
| vs. | |
| 4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive, | *[Declaration of Joseph E. Heery filed concurrently herewith]* |
| Defendants. | *REMOVED FROM:* |
| | San Diego Superior Court Case No. 37-2008-00075299-CV-WT-CTL |

CR

1    TO:    Clerk of Courts

2           United States District Court for the Southern District of California

3           PLEASE TAKE NOTICE THAT:

4           Defendant 4Access Communications Company, files this Notice of Removal pursuant to

5    28 U.S.C. § 1446(a), based on this Court's original jurisdiction over this action under 28 U.S.C. §

6    1332.

7                                              **I.**

8                                      **INTRODUCTION**

9           1.     On January 9, 2008, plaintiff Val Popescu ("Plaintiff") filed a complaint in the

10   Superior Court of the State of California for the County of San Diego, Case No. 37-2008-

11   00075299-CU-WT-CTL (the "Complaint") and named 4Access Communications Co.

12   ("4Access") as the defendant.   The Complaint set forth claims for breach of contract, labor

13   supplied, wage and hours violations, and wrongful discharge in violation of public policy.  A true

14   and correct copy of the Summons and Complaint are attached hereto as Exhibit "A."

15          2.     4Access was served with the Complaint on February 21, 2008 (Declaration of

16   Joseph E. Heery ("Heery Decl."), ¶ 4.).  Therefore, this Notice of Removal is timely pursuant to

17   28 U.S.C. § 1446(b).

18                                             **II.**

19                                    **BASIS FOR REMOVAL**

20          3.     Removal is proper based on diversity jurisdiction under 28 U.S.C. § 1332 because:

21                 a.     The amount in controversy exceeds the sum or value of $75,000.00,

22                        exclusive of interest and costs because the Complaint alleges at least

23                        $137,583.16 in damages. (Complaint at 8:27-28).

24                 b.     The matter in controversy is between citizens of different states as follows:

25                        i.     Plaintiff alleges in the Complaint that he is an individual who

26                               resides in San Diego County, California. (Complaint at 2:25-26).

27                        ii.    4Access is a Delaware corporation with its designated main office

28                               in Illinois, and its principal place of business for diversity purposes

is Illinois. (*See* Heery Decl., ¶¶ 2, 3).  The major portion of its business activity takes place in Illinois, and 4Access does not conduct regular business in California. (Heery Decl., ¶ 3).  Thus, under the "nerve center" test or the "place of operations" test, 4Access's principal place of business for purposes of diversity is not California. *See Industrial Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

4.     Exhibits "A" and "B" attached to this notice constitute all of the pleadings, process, orders, and other filings in the state court action, as required by 28 U.S.C. § 1446(a).

5.     Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division embrace the place where the removed action is pending.

6.     Written notice of filing of this Notice of Removal will be given to Plaintiff promptly after the filing of this Notice, and a copy will be filed with the Superior Court of California, San Diego County, Central Division promptly after filing this Notice.

### III.

### CONCLUSION

7.     For these reasons, Defendant 4Access Communications Company hereby gives notice that the action currently pending against it in the Superior Court of California, San Diego County, Central Division is hereby removed to the United States District Court for the Southern District of California.

Dated: March 20, 2008                SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
         Douglas J. Rovens
         Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/260927.2

EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2008 JAN -9 AM II: 16

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
4Access Communications Company, a Delaware corporation; and Does 1
through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Val Popescu

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 West Broadway, San Diego, CA, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00075299-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gregory P. Goonan (Bar # 119821)                    Phone No.: (619) 702-4335
The Affinity Law Group APC                          Fax No.: (619) 243-0088
600 West Broadway, Suite 400, San Diego, CA 92101

DATE:                                  Clerk, by **M. McKinley**              , Deputy
*(Fecha)* JAN 0 9 2008                  *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gregory P. Goonan (State Bar # 9821)<br>The Affinity Law Group APC<br>600 West Broadway, Suite 400, San Diego, CA 92101<br>TELEPHONE NO.: (619) 702-4335   FAX NO.: (619) 243-0088<br>ATTORNEY FOR *(Name)*: Plaintiff Val Popescu | 2008 JAN -9 AM 11: 16<br><br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Popescu v. 4Access Communications

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2008-00075299-CU-WT-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: FOUR (4)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 9, 2008

Gregory P. Goonan
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

1  Gregory P. Goonan (Cal. Bar #119821)
   **The Affinity Law Group APC**
2  600 West Broadway, Suite 400
   San Diego, CA  92101
3  Tel: 619-702-4335
   Fax: 619-243-0088
4
   Attorneys for Plaintiff
5  VAL POPESCU

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                  IN AND FOR THE COUNTY OF SAN DIEGO
10

11 VAL POPESCU, an individual;          Case No.   37-2008-00075299-CU-WT-CTL

12        Plaintiff,

13    vs.                               **COMPLAINT FOR:**

14 4ACCESS COMMUNICATIONS             1.  **BREACH OF CONTRACT**
   COMPANY, a Delaware corporation, and 2.  **LABOR SUPPLIED**
15 DOES 1 through 10, Inclusive        3.  **WAGE AND HOUR VIOLATIONS**
                                        4.  **WRONGFUL DISCHARGE IN**
16        Defendants.                       **VIOLATION OF PUBLIC**
                                            **POLICY**
17

18                                      **JURY TRIAL DEMANDED**
19

20

21        Plaintiff Val Popescu ("POPESCU") complains against Defendant 4ACCESS
22
   COMMUNICATIONS COMPANY, a Delaware corporation ("4ACCESS") and DOES 1-10
23
   inclusive, and each of them, as follows:
24
                  <u>NATURE OF THE ACTION AND RELIEF SOUGHT</u>
25
        1.    This is an action for breach of contract, labor supplied, wage and hour violations,
26
   and wrongful discharge in violation of public policy arising because defendant 4ACCESS has
27
   failed and refused to pay POPESCU wages and compensation which he is entitled to receive for
28

                              *COMPLAINT*
                                 - 1 -

1  work he performed as an employee of 4ACCESS, and because 4ACCESS terminated POPESCU

2  in violation of the public policy of the State of California in retaliation for his filing of an earlier

3  lawsuit to collect past due wages.

4      2.    As explained more herein, from March 1, 2004 through January 10, 2007,

5  POPESCU was employed by 4ACCESS as an at-will employee pursuant to a written employment

6  offer made to POPESCU by 4ACCESS.

7      3.    Even though POPESCU performed all of his job functions at all relevant times as

8  requested and demanded by 4ACCESS, 4ACCESS has failed and refused to pay POPESCU the

9  wages and compensation to which he is entitled for his work despite repeated demands by

10  POPESCU for payment.

11      4.    On November 2, 2006, POPESCU filed a lawsuit against 4ACCESS to recover

12  compensation, wages and payments that 4ACCESS owed to POPESCU pursuant to a written

13  employment contract that was in existence between POPESCU and 4ACCESS prior to March 4,

14  2004. 4ACCESS, without reason or justification, terminated POPESCU's employment in

15  retaliation for the filing of such earlier lawsuit.

16      5.    The wrongful actions of 4ACCESS as summarized above and described in more

17  detail herein constitute a breach of contract, failure to pay for labor provided, and a violation of

18  the wage and hour laws of the State of California. 4ACCESS's termination of POPESCU was

19  done in violation of the fundamental public policy of the State of California.

20      6.    By this action, POPESCU seeks to recover compensatory damages and punitive

21  damages for the harm and injuries he has suffered because of 4ACCESS's wrongful acts, as well

22  as appropriate statutory penalties and an award of attorneys' fees and costs to the maximum extent

23  permitted by law.

24  **THE PARTIES AND VENUE**

25      7.    Plaintiff POPESCU is an individual who resided in San Diego, California within

26  this judicial district at all relevant times.

27      8.    Defendant 4ACCESS is a Delaware corporation who at all relevant times

28  maintained a principal place of business at 12707 High Bluff Drive, San Diego, California within

*COMPLAINT*
- 2 -

1  this judicial district.

2      9.    The true names and capacities, whether individual, corporate, associate, or

3  otherwise, of DOES 1-10, inclusive, and each of them, are unknown to POPESCU who therefore

4  sues these defendants by such fictitious names.  POPESCU asserts that each of the defendants

5  designated herein as a Doe is responsible in some manner for the events and happenings referred

6  to herein and caused injuries and damages proximately thereby and thereto to POPESCU, who

7  therefore sues defendants by such fictitious names.  POPESCU will seek leave of court to amend

8  this Complaint to allege the true names and capacities of the Does when the same have been

9  ascertained.

10      10.    POPESCU is informed and believes, and upon such information and believe

11  alleges, that at all times relevant to this action, each of the defendants, including Does 1-10,

12  inclusive, were responsible for the acts and omissions alleged in this complaint, and that

13  POPESCU's damages, both existing and prospective, are, were and will be proximately caused by

14  the acts and omissions of the defendants, including Does 1-10.

15      11.    POPESCU is informed and believes, and upon such information and belief alleges,

16  that each defendant, including Does 1-10, inclusive, was at all relevant times acting as the agent,

17  servant, contractor, employee, principal, employer and/or co-conspirator of each remaining

18  defendant and, in doing the things alleged herein, was acting within the course and scope of such

19  agency, servitude and employment, and/or in furtherance of such conspiracy, and with the

20  knowledge, consent and ratification of each co-defendant.  At all relevant times, the officers,

21  directors and/or managing agents authorized or ratified the wrongful acts alleged herein, and/or

22  were personally responsible for these acts.

23      12.    The defendants, and each of them, were and are engaged in a conspiracy pursuant

24  to which they have agreed among themselves to commit wrongful acts and together have

25  perpetrated the plan, scheme and acts alleged herein.  All of the defendants, with knowledge and

26  substantial assistance to one another, have aided and abetted each other in the conduct of their

27  illicit conspiracy.

28

---

COMPLAINT
- 3 -

13.    POPESCU is informed and believes, and upon such information and belief alleges, that there exists, and at all times herein mentioned there existed, a unity of interest in ownership between Does 1-10 on the one hand and defendant 4ACCESS on the other hand, such that any individuality and separateness between Does 1-10 and 4ACCESS has ceased.  4ACCESS is thereby the alter ego of Does 1-10 such that 4ACCESS is and at all times herein mentioned was a mere shell, instrumentality, and conduit through which Does 1-10 carried on business in a corporate name.

14.    POPESCU is informed and believes, and upon such information and belief alleges, that Does 1-10 exercised complete control and dominance of 4ACCESS to such an extent that any individuality or separateness of 4ACCESS from Does 1-10 does not and at all times herein mentioned did not exist.

15.    Adherence to the fiction of the separate existence of 4ACCESS as an entity distinct from Does 1-10 would permit an abuse of the corporation privilege and produce an inequitable result in that Does 1-10 manipulated the assets of 4ACCESS for their personal benefit and used 4ACCESS as a shield from any responsibility or liability.  DOES 1-10 acted in illicit manners under the purported shield of corporate officers for 4ACCESS with the intent to prevent POPESCU from recovering wages earned.

16.    After inducing POPESCU to accept a position of employment with 4ACCESS, Does 1-10, who on information and belief also acted as corporate officers, directors and/or fiduciaries of 4ACCESS, conspired to manipulate and to coerce the corporate operations and profits of 4ACCESS such that POPESCU was not paid, and could never recover, the wages earned and which POPESCU was entitled to be paid, during his employment with 4ACCESS by reason of the defendants' efforts to disguise the corporate operations and hide profits and cash flow from POPESCU.

17.    Venue is proper in this judicial district pursuant to Sections 395 and 395.5 of the California Code of Civil Procedure.

## GENERAL ALLEGATIONS

18.    Beginning on March 1, 2004. POPESCU was employed by 4ACCESS as an at-will

1    employee with an annual salary of $175,000.00.  The salary to be paid by 4ACCESS to

2    POPESCU, and the terms and conditions of POPESCU's employment by 4ACCESS, were

3    established by a written employment offer made by 4ACCESS to POPESCU prior to the

4    commencement of his employment.

5          19.      POPESCU at all relevant times performed the services required and demanded by

6    4ACCESS.

7          20.      4ACCESS failed and refused, and continues to fail and refuse, to pay POPESCU

8    the wages and compensation he earned and which he was entitled to be paid even though

9    POPESCU has made repeated demand on 4ACCESS for payment.

10         21.      On November 2, 2006, POPESCU filed a complaint seeking to recover unpaid

11    compensation which he was entitled to be paid pursuant to a written employment contract between

12    POPESCU and 4ACCESS prior to March 4, 2004.

13         22.      In response to, and as a direct and proximate result of POPESCU's filing of such

14    complaint, 4ACCESS terminated POPESCU's employment on January 10, 2007.

15         23.      POPESCU is presently owed back wages of at least $137,583.16, plus interest at

16    the maximum legally permissible rate, for work performed on an at-will basis between February

17    28, 2004 and the date of his termination on January 10, 2007.

18         24.      POPESCU also is entitled to all applicable fines and penalties to be assessed under

19    common law and/or statute, subject to proof at time of trial.  POPESCU has been forced to retain

20    counsel to bring this action and enforce his rights and consequently is entitled to an award of

21    attorneys' fees to the maximum extent permitted by law.

22                    **FIRST CAUSE OF ACTION**

23                      **(Breach of Contract)**

24         25.      POPESCU realleges and incorporates herein by this reference each and every

25    allegation in paragraphs 1 through 24, inclusive, of this complaint as if fully set forth herein.

26         26.      As alleged herein, from March 1, 2004 through January 10, 2007, an employment

27    contract existed between POPESCU and 4ACCESS.

28

---

27.    Pursuant to the employment contract between POPESCU and 4ACCESS, POPESCU was employed by 4ACCESS as an at-will employee.  Pursuant to such contract, POPESCU agreed to provide work, labor and services to 4ACCESS, and 4ACCESS agreed to compensate POPESCU for such work, labor and services at the rate of $175,000.00 per year.

28.    4ACCESS has failed and refused to pay POPESCU the wages and compensation he is entitled to be paid for the labor, work and services he provided to and performed for 4ACCESS, and continues to fail and refuse to make such payment to POPESCU.

29.    4ACCES has breached the contract with POPESCU alleged herein by failing and refusing to pay POPESCU all sums due and owing to POPESCU for the work, labor and services he provided to 4ACCESS.

30.    POPESCU has at all times performed all duties and obligations required of pursuant to his contract with 4ACCESS, except for those duties and obligations that have been excused and/or negated by action or law.

31.    As a direct and proximate result of 4ACCESS's breach of contract as alleged herein, POPESCU has suffered monetary damages of at least $137,583.16, in an amount to be proven at trial.

32.    POPESCU is entitled to an award of pre-judgment and post-judgment interest to the maximum extent permitted by law.

## SECOND CAUSE OF ACTION

### (Labor Supplied)

33.    POPESCU realleges and incorporates herein by this reference each and every allegation in paragraphs 1 through 32, inclusive, of this complaint as if fully set forth herein.

34.    Within four years past, prior to the commencement of this action, 4ACCESS became indebted to POPESCU for at least $137,583.16 in wages and compensation earned from and due and payable by 4ACCESS.

35.    Neither the whole nor any part of the above amount has been paid, although demand has been made.  Therefore, there is now due and owing from 4ACCESS to POPESCU the

1  amount of at least $137,583.16, which amount shall be proven at trial, along with prejudgment

2  interest at the maximum legally permissible rate from the date these wages were earned.

### THIRD CAUSE OF ACTION

#### (California Labor Code Section 201 et seq – Failure to Pay Wages)

5  36.    POPESCU realleges and incorporates herein by this reference each and every

6  allegation in paragraphs 1 through 35, inclusive, of this complaint as if fully set forth herein.

7  37.    As alleged herein, 4ACCESS failed to pay POPESCU wages, compensation and

8  payments that were due to POPESCU during the time he worked for 4ACCESS and at the time of

9  the termination of POPESCU's employment.

10  38.    In failing to make the payments due to POPESCU as alleged herein, 4ACCESS has

11  violated Section 201 of the California Labor Code.

12  39.    4ACCESS knowingly, willfully and intentionally has failed and refused to make

13  the payments owed to POPESCU as alleged herein.

14  40.    As a result of the violation of Section 201 of the California Labor Code as alleged

15  herein, POPESCU has suffered, and continues to suffer, damages in an amount of at least

16  $137,583.16, in an amount according to proof at trial.  POPESCU also is entitled to statutory

17  penalties, costs, interest and attorneys' fees pursuant to Sections 203, 218.5 and 218.6 of the

18  California Labor Code.

19

### FOURTH CAUSE OF ACTION

#### (Wrongful Discharge In Violation of Public Policy)

22  41.    POPESCU realleges and incorporates herein by this reference each and every

23  allegation in paragraphs 1 through 40, inclusive, of this complaint as if fully set forth herein.

24  42.    As alleged herein, Popescu was an employee of 4ACCESS from March 1, 2004

25  through the date of his terminated.  4ACCESS terminated POPESCU's employment on January

26  10, 2007.

27  43.    As further alleged herein, such termination in retaliation for the filing by POPESCU of

28  a claim for recovery of past wages which POPESCU earned but was not paid, despite demand.

43.    4ACCESS's termination of POPESCU's employment as alleged herein was a retaliatory discharge in violation of the fundamental public policy of the State of California.

44.    As a direct, foreseeable and proximate result of 4ACCESS's conduct as alleged herein, POPESCU has lost income and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial.  POPESCU has sought to mitigate such wage-related damages.

45.    As a direct, foreseeable and proximate result of 4ACCESS's conduct as alleged herein, POPESCU has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress, in an amount to be determined at time of trial.

46.    As a direct, proximate, and legal result of 4ACCESS's wrongful termination of POPESCU's employment as alleged herein, POPESCU has suffered, continue to suffer, and in the future will suffer, actual, consequential and incidental damages in an amount according to proof at trial.

47.    The defendants did the acts and things alleged herein deliberately, maliciously, with intent to injure and oppress POPESCU, and in conscious disregard of the rights of POPESCU.  Moreover, the conduct of the defendants constitutes fraudulent, malicious, oppressive and/or despicable conduct.  POPESCU therefore is entitled to punitive and exemplary damages against the defendants, and each of them, in an amount sufficient to punish and deter the defendants, and each of them, according to proof at trial.

48.    POPESCU is entitled to an award of attorneys' fees and pre-judgment and post-judgment interest to the maximum extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, POPESCU prays for judgment against 4ACCESS and Does 1 through 10, inclusive, and each of them as follows:

1.    For an award of compensatory damages in an amount of at least $137,583.16, according to proof at trial;

2.      For an award of punitive and exemplary damages against the defendants in an amount sufficient to punish and deter the defendants, and each of them, according to proof at trial;

3.      For an award of attorneys' fees as alleged herein and to the maximum extent allowed by law;

4.      For an award of prejudgment and post-judgment interest to the maximum extent allowed by law;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

DATED:  January 9, 2008                    THE AFFINITY LAW GROUP APC


                                           By: _____
                                               Gregory P. Goonan, Esq.
                                               Attorneys for Plaintiff
                                               VAL POPESCU

EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 685-6149

PLAINTIFF(S) / PETITIONER(S):     Val Popescu

DEFENDANT(S) / RESPONDENT(S):   4Access Communications Company

POPESCU VS. 4ACCESS COMMUNICATIONS COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00075299-CU-WT-CTL |
|---|---|

Judge:  Linda B. Quinn                                    Department: C-74

**COMPLAINT/PETITION FILED:** 01/09/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:  Central<br>TELEPHONE NUMBER: (619) 685-6147 | |
| PLAINTIFF(S) :  Val Popescu | |
| DEFENDANT(S) :  4Access Communications Company | |
| VAL POPESCU VS. 4ACCESS COMMUNICATIONS COMPANY | 01/19/2008 |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2008-00075299-CU-WT-CTL |

**Filed :**  01/09/2008

## EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Judith F. Hayes, in Department C-68

due to the following reason:    Re-assigned for all purposes due to judicial move

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| | |
|---|---|
| **SHORT TITLE:** Popescu vs. 4Access Communications Company | |

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**37-2008-00075299-CU-WT-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 01/22/2008.

Clerk of the Court, by: _S. Fujikawa_____ , Deputy

GREGORY P. GOONAN
600 W Broadway # Suite 400
San Diego, CA 92101

| ATTORNEY OR PARTY WITHOUT ATTORNEY*(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gregory P. Goonan (SBN 119821)<br>The Affinity Law Group APC<br>600 West Broadway, Suite 400<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-702-4335    FAX NO.: 619-243-0088<br>ATTORNEY FOR *(Name)*: Plaintiff Val Popescu | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

| PLAINTIFF(S)<br>Val Popescu | |
|---|---|
| DEFENDANT(S)<br>4Access Communications Company | JUDGE: Hon. Judith F. Hayes |
| IN THE MATTER OF<br>                                          A MINOR | DEPT: 68 |

| PEREMPTORY CHALLENGE<br>(CCP 170.6; Superior Court Rules, Division II, Rule 5.5) | CASE NUMBER<br>37-2008-00075299-CU-WT-CTL |
|---|---|

Gregory P. Goonan _____, is ☐ a party ☑ an attorney for a party in the above-entitled case and declares that Judith F. Hayes _____, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 1/31/2008 _____          _____
                                                              (Signature)

**ORDER OF THE COURT**

☐ GRANTED    ☐ DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: _____          _____
                                                              Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge _____ on _____.

SDSC CIV-249(Rev. 5-00)                    **PEREMPTORY CHALLENGE**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:  Central<br>TELEPHONE NUMBER: (619) 685-6147 | |

| PLAINTIFF(S) :  Val Popescu | |
|---|---|
| DEFENDANT(S) : 4Access Communications Company | |
| VAL POPESCU VS. 4ACCESS COMMUNICATIONS COMPANY | 02/06/2008 |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2008-00075299-CU-WT-CTL |
|---|---|

**Filed :** 01/09/2008

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Ronald S. Prager, in Department C-71

due to the following reason:   Peremptory Challenge

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Popescu vs. 4Access Communications Company

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2008-00075299-CU-WT-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 02/07/2008.

Clerk of the Court, by: _____ , Deputy

GREGORY P. GOONAN
600 W Broadway # Suite 400
San Diego, CA 92101

---

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148992    – SH**

**March 20, 2008
16:08:38**

**Civ Fil Non-Pris**
USAO #.: 08CV0525
Judge..: MARILYN L HUFF
Amount.:                  $350.00 CK
Check#.: BC6486

**Total–>    $350.00**

FROM: POPESCU V. 4ACCESS COMM CO.

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
VAL POPESCU, and individual;

## DEFENDANTS
4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,

FILED

08 MAR 20 PM 4:06

'08 CV 525 H LSP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Cook Co., Illinois__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory P. Goonan (SBN 119821)
The Affinity law Group APC
600 West Broadway, Suite 400
San Diego, CA 92101

ATTORNEYS (IF KNOWN)
Duglas J. Rovens (SBN 106582)
Jeffrey S. Renzi (SBN 221963)
Squire, Sanders & Dempsey L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, CA 90071

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Sec. 1332 because the amount in controversey exceed $75,000 and is between citizens of different states.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____     Docket Number _____

DATE
March 20, 2008

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

148992  SEa 3/20/08  $350

CR