Douglas J. Rovens (State Bar # 106582)
drovens@ssd.com
Jeffrey S. Renzi (State Bar # 221963)
jrenzi@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 S. Flower St., 31st Floor
Los Angeles, CA 90071
Telephone:   (213) 624-2500
Facsimile:   (213) 623-4581

Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL POPESCU, an individual;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>4ACCESS COMMUNICATIONS COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.  3:08 CV 00525 JM RBB<br><br>**DEFENDANT 4ACCESS COMMUNICATIONS COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>*[Evidentiary Objections to the Declaration of Val Popescu Filed Concurrently Herewith]*<br><br>The Honorable Jeffrey T. Miller<br><br>Hearing: Date: May 30, 2008<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 16<br><br>[Oral Argument Requested] |

# REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE

## I. INTRODUCTION

The claims asserted by plaintiff Val Popescu ("Plaintiff") arise from his employment relationship with defendant 4Access Communications Company ("4Access"). The February 27, 2002 Employment Agreement ("Employment Agreement") governed Plaintiff's employment at 4Access, yet Plaintiff asks the Court to ignore that agreement and this Court's prior ruling regarding the applicability of the Employment Agreement to the entire employment relationship between the parties.[1] Plaintiff's argument is a thinly veiled attempt to avoid the mandatory forum selection clause contained in the Employment Agreement. Regardless of how Plaintiff attempts to frame his allegations, or interprets the facts and case law, the unavoidable conclusion is that: (1) the Employment Agreement controls the relationship of the parties, (2) the Court will need to evaluate and interpret that agreement to adjudicate Plaintiff's claims, and (3) the forum selection clause applies to Plaintiff's claims during the at-will employment period and mandates dismissal of the instant action for improper venue.[2]

## II. ARGUMENT

### A. The Employment Agreement Controls The Relationship Of The Parties

As in *Popescu I*, "[a]t the heart of this case is the employment relationship between the parties, a relationship that flows from the [Employment Agreement]." *Popescu v. 4Access Communications, Inc.*, 2007 U.S. Dist. LEXIS 21822 (S.D. Cal. March 26, 2007) at *5. Plaintiff asserts claims in the first amended complaint ("FAC") for breach of contract for unpaid wages and stock options, labor supplied, wage and hour violations for lack of payment, and wrongful

---

[1] Indeed, Plaintiff claims the entire relationship is governed by an "Employment Letter," yet Plaintiff fails to even provide a copy of the letter with its papers in opposition to the instant motion. (*See* Evidentiary Objections to the Declaration of Val Popescu).

[2] ***Plaintiff, not 4Access***, has the burden to establish venue with respect to each cause of action using a claim-specific analysis. "Where there are . . . multiple claims in an action, the plaintiff must establish that venue is proper as to . . . each claim." *Multimin USA, Inc. v. Walco Int'l, Inc.*, 2006 U.S. Dist. LEXIS 33624 (E.D. Cal. Apr. 7, 2006); *see also, Rothstein v. Carrier*, 41 F.Supp.2d 381, 386 (E.D.N.Y. 1999), *reversed and remanded on other grounds by Rothstein v. Carrier*, 373 F.3d 275 (2d Cir. N.Y. 2004) ("Where venue is challenged, it is the plaintiff's burden to show that it is proper in the forum district . . . . In a case of multiple claims, proper venue must be established with respect to each cause of action asserted." (citation omitted)).

discharge. Regardless of the merits of Plaintiff's allegations, all of Plaintiff's claims have one common thread—they arise from and are directly related to his employment at 4Access.

In Plaintiff's Opposition, he erroneously asserts that a letter signed by the parties on February 24, 2002 (the so-called "Employment Letter") controlled the employment relationship of the parties. A review of the Employment Letter reveals that it contemplated Plaintiff's future employment and only served to memorialize the parties' intent to enter into an employment relationship. The letter dictated that the parties finalize a subsequent agreement, which they did on February 27, 2002, with the Employment Agreement. At the time, and not prior to the execution of that agreement, Plaintiff became an employee of 4Access. The Employment Agreement evidences this fact as it states, "Company desires to employ Employee, and Employee desires to be employed by Company as Chief Technology Officer." (Declaration of Steven D. Davis (submitted with the Motion to Dismiss) ("Davis Decl.") at 3). The employment relationship commenced with the Employment Agreement, not the letter.[3]

The terms of the Employment Agreement evidence the parties' intent for it to control Plaintiff's contractual employment and subsequent at-will employment periods at 4Access. (Davis Decl. at 3). Plaintiff's FAC even invokes terms of the Employment Agreement as the foundation of his employment and compensation during the at-will employment period, and the specified salary of $175,000 per year—at the core of Plaintiff's claims—is specified in the Employment Agreement. (FAC, ¶ 34).

This Court's decision in *Popescu I* made clear that any claim by Plaintiff arising from his at-will employment with 4Access is subject to the forum selection clause, because the entire employment relationship flows from the Employment Agreement. *See Popescu*, 2207 U.S. Dist. LEXIS 21822 at *5, n.1. Plaintiff's contention that *Popescu I* has no bearing on this case because

---

[3] Assuming *arguendo* that Plaintiff's employment at 4Access commenced on February 22, 2002 upon the execution of the Employment Letter, the letter agreement was effectively modified when the parties executed the Employment Agreement. Pursuant to California Civil Code Section 1698(a), "[a] contract in writing may be modified by a contract in writing." *See Eluschuk v. Chemical Engineers Termite Control*, Cal. App. 2d 463, 469 (Cal.App. 1966) (finding an original employment agreement modified by the terms of a subsequent agreement). By assenting to the Employment Agreement, Plaintiff modified the terms of any employment relationship previously in place with 4Access. As such, Plaintiff accepted the amended employment terms in the Employment Agreement, including the forum selection clause.

- 2 -
4ACCESS COMMUNICATIONS COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS

SQUIRE, SANDERS & DEMPSEY L.L.P.
555 S. Flower Street, Suite 3100
Los Angeles, CA 90071

this Court never addressed Plaintiff's labor code claim, wrongful discharge claim, or stock options claim, and never was advised of the Employment Letter, is immaterial. Plaintiff's claims arising from his at-will employment flow from and are directly related to the Employment Agreement, and are thus governed by its terms, including the forum selection clause that applies to "[a]ny judicial proceedings between the parties under [the Employment Agreement.]" (Davis Decl. at 7). Plaintiff thereby agreed that claims arising from the at-will employment period must be pursued in Illinois, and the Court should grant 4Access' motion.

### B. The Forum Selection Clause Is Enforceable With Regard To Each of Plaintiff's Claims

Based on this Court's ruling in *Popescu I* and the terms of the Employment Agreement, the forum selection clause is applicable to claims arising from the employment relationship, providing a basis for dismissing Plaintiff's FAC. Plaintiff asks the Court to ignore this notion, arguing the Court must evaluate the applicability of the forum selection clause to each claim. Should the Court do so, the result is the same—this forum selection clause applies to all of Plaintiff's claims.

In the Ninth Circuit, forum selections clauses are enforced against plaintiffs who are asserting contract and non-contract claims against parties with whom they have previously signed contracts. *See Manetti-Farrow v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988). In *Manetti-Farrow*, the plaintiffs alleged tort claims as well as contract claims, yet argued that the tort claims should not be subject to the contract's forum selection clause. *Id.* at 513-14. The court disagreed and dismissed plaintiffs' action, noting that the tort claims "relate in some way to rights and duties enumerated in the [contract]. The claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* at 514.

In *Bender Shipbuilding & Repair Co., v. The Vessel Drive Ocean V*, 123 F.Supp.2d 1201 (S.D. Cal. 1998), the court applied the principles of *Manetti-Farrow* and looked to the language of the forum selection clause at issue to determine if it applied to the non-contract claims. The *Bender Shipbuilding* court stated:

> "In *Manetti-Farrow*, the contract provided that any controversy 'regarding interpretation or fulfillment' of the contract must be litigated in Florence, Italy. The Ninth Circuit held that the various tort claims...related to the rights and duties under the contract because the claims could not 'be adjudicated without analyzing whether the parties were in compliance with the contract.' (citation omitted.) Here, the contract provides that 'all disputes arising out of or in connection with" the charter party shall be resolved in Vancouver, B.C. and 'shall be governed by and construed in accordance with the laws of the Province of British Columbia.'...Each of these [tort] claims relates in some way to the rights and duties set forth in the [agreement] and each arises 'in connection' with the [agreement]. Further the tort causes of action are inextricably entwined with the contractual claims in the sense that consideration of the alleged torts necessarily requires consideration of the contract."

*Id.* at 1207. As in *Manetti-Farrow*, the court in *Bender Shipbuilding* found that the plaintiffs' non-contract claims fell within the scope of the pertinent forum selection clause because they arose in connection with the written contract and thus required interpretation of the contract. *Id.*

Contrary to Plaintiff's assertion, the Employment Agreement is indispensable with respect to the validity of Plaintiff's employment claims, as it provides the duties, salary, and term of Plaintiff's employment. (Davis Decl. at 3-5). For instance, Plaintiff admits that his salary during the at-will period is a key issue for Plaintiff's unpaid wages, labor supplied and wage and hour claims. (Opp'n at 8:9-12, 9:11-17).[4] By the terms of the Employment Agreement, however, Plaintiff was an at-will employee, which meant that his "Base Salary may be increased or decreased in the discretion of the Company at any time." (Davis Decl. at 4). Further, the Employment Agreement specified Plaintiff's duties at 4Access and Plaintiff's performance (or lack thereof) of those duties may prove essential to determining any amount still owed by 4Access to Plaintiff. Thus, because the Employment Agreement is essential to determining the veracity of Plaintiff's claims, Plaintiff cannot simply ignore its existence.

As for Plaintiff's wrongful termination claim, the necessity of the Employment Agreement is apparent in Plaintiff's Opposition to the instant motion. Indeed, Plaintiff paraphrases portions of the agreement (Opp'n at 13:11-19) for the proposition that Plaintiff was an at-will employee at the time of his termination. Plaintiff's at-will status is ultimately

---

[4] Further, to the extent that Plaintiff claims his damages for wrongful discharge include loss of salary (*See* FAC, ¶52), the Employment Agreement governs Plaintiff's salary for that period.

determined pursuant to the terms of the Employment Agreement. (Davis Decl. at 3). Plaintiff also admits that the reason for Plaintiff's termination is a fundamental issue for this claim. (Opp'n at 14:3-5). A defense to Plaintiff's claim, however, is that 4Access had a valid reason for terminating Plaintiff, including for, among other things, Plaintiff's failure to perform pursuant to the terms of the Employment Agreement.

Finally, Plaintiff's claim that 4Access breached an agreement regarding stock options is likewise subject to the Employment Agreement because such options were issued by 4Access, while Plaintiff was an employee at 4Access, to provide Plaintiff with an incentive to maximize the results at the company. Indeed, one of the grant notices was issued in July 2002, during the "Contractual Employment Period." (Davis Decl. at 3). Thus, although Plaintiff contends he does not need to invoke the Employment Agreement for this claim, 4Access may defend this claim by analyzing Plaintiff's compliance with the Employment Agreement, because the grant of the options was predicated on Plaintiff's employment at 4Access. Plaintiff simply cannot avoid application of the Employment Agreement.

### C. This Court Should Dismiss Plaintiff's Claims In Their Entirety So That Plaintiff May Pursue Such Claims in the Appropriate Venue

The Court should dismiss Plaintiff's FAC because each cause of action is subject to a forum selection clause and the only appropriate forum for such claims is in Illinois.[5] To the extent the Court concludes that the forum selection clause is not applicable to any one of Plaintiff's claims, the Court should transfer the entire matter to the United States District Court for the Northern District of Illinois, Eastern Division. Any decision by the Court to dismiss or

---

[5] Dismissal, and not transfer, of all of Plaintiff's claims is warranted because it was obvious after the Court's ruling in *Popescu I* that Plaintiff's claims arising from and directly related to his at-will employment with 4Access were governed by the Employment Agreement, and thus subject to the forum selection clause. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) (denial of transfer of venue not an abuse of discretion where improper forum foreseeable); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (in the above circumstances decisions to deny transfer "are premised on the notion that a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney").

transfer some, but not all of Plaintiff's claims will permit Plaintiff to maintain claims in San Diego and Illinois, counter to the underlying policy behind 28 U.S.C. § 1406(a). *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that section 1404(a) was designed to prevent.").

## III. CONCLUSION

Forum selection clauses are presumed valid and enforced where claims require an interpretation of the contract because they arise from or relate to the contract containing the clause. *See Manetti-Farrow,* 858 F.2d at 514; *see also Bender Shipbuilding*, 123 F. Supp 2d at 1207. Plaintiff has not made a showing that the enforcement of the forum selection clause would be improper here. All of Plaintiff's claims arise from and are directly related to the parties' employment relationship, which in turn is controlled by the Employment Agreement. The forum selection clause applies to the entirety of Plaintiff's claims and Plaintiff may only pursue his causes of action in Illinois.

Accordingly, 4Access respectfully requests that the Court grant its motion to dismiss as to all causes of action on the grounds of improper venue.

Dated: May 27, 2008                                  SQUIRE, SANDERS & DEMPSEY L.L.P.


By:  s/ Jeffrey S. Renzi
Douglas J. Rovens
Jeffrey S. Renzi
Attorneys for Defendant
4ACCESS COMMUNICATIONS COMPANY

LOSANGELES/265341.4

# PROOF OF SERVICE
(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071-2300, which is located in the county where any non-personal service described below took place.

On May 27, 2008, a copy of the following document(s):

**DEFENDANT 4ACCESS COMMUNICATIONS COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VANUE**

was served on:

Gregory P. Goonan, Esq.
The Affinity Law Group APC
600 West Broadway, Suite 400
San Diego, California 92101-3352
Telephone: (619) 446-5661
Facsimile: (619) 515-1197
ggoonan@affinity-law.com

Service was accomplished as follows.

☐ **By U.S. Mail.** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **By Electronic Means.** On the above date, I filed the above-mentioned document(s) by electronic means with the Court. As such, the Court electronically mailed such document(s) to the parties noted above, whose electronic mail address is set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 27, 2008, at Los Angeles, California.

s/Jeffrey S. Renzi
_____
Jeffrey S. Renzi